UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDEFONSO B. LUJANO, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREIF, INC., *et al*,<br><br>Defendants. | Case No. 1:25-cv-00102-KES-BAM<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FOR FAILURE TO PROSECUTE**<br><br>(Docs. 12, 15, 16)<br><br>**FOURTEEN-DAY DEADLINE** |

### I.     Background

Plaintiff Hildefonso B. Lujano, individually and on behalf of all others similarly situated, initiated this putative class action against defendants Greif, Inc, Greif Packaging LLC (incorrectly named as Greif Packing LLC), and Liz Corona in the Merced County Superior Court on June 28, 2024. Defendants Greif, Inc. and Greif Packaging LLC removed the action to this Court on January 23, 2025. (Doc. 1.)

On May 29, 2025, the Court held a status conference to address service of the complaint on defendant Liz Corona and Plaintiff's anticipated motion to remand. (Doc. 12.) At the conference, Plaintiff indicated that leave to amend would be sought to name a different individual defendant, Ricardo Torres. (*Id.*) The Court therefore directed Plaintiff to file any motion to amend the complaint to name Ricardo Torres as a defendant on or before June 30, 2025. (Doc.

1

12.) In lieu of filing a motion to amend (or stipulation to amend), Plaintiff filed a first amended complaint on June 30, 2025. (Doc. 13.)

On July 2, 2025, the Court struck Plaintiff's first amended complaint because it did not comply with Federal Rule of Civil Procedure 15. (Doc. 15.) The Court directed Plaintiff to either file a motion for leave to amend his complaint or file a stipulation with defendants' consent. (*Id.*)

Plaintiff failed to file a motion to amend or a stipulation. Accordingly, on November 18, 2025, the Court issued an order directing Plaintiff, within fourteen days, to show cause in writing why the action should not be dismissed for failure to obey a court order and for failure to prosecute. (Doc. 16.) The Court informed Plaintiff that he could comply with the show cause order by filing either a motion for leave to amend or a stipulation to amend his complaint. Plaintiff was cautioned that failure to comply with the order may result in the imposition of sanctions, including terminating sanctions. (*Id.*) Plaintiff has not responded to the Court's show cause order, and the time in which to do so has expired.

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

1  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
2  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
3  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

        **B.**       **Discussion**

5        Here, Plaintiff's amended complaint is more than five months overdue, and he has failed
6  to comply the with the Court's orders or otherwise communicate with the Court.  The Court
7  cannot effectively manage its docket if Plaintiff ceases litigating his case, nor can the Court allow
8  the case to remain idle on the docket awaiting Plaintiff's compliance.  Thus, the Court finds that
9  both the first and second factors weigh in favor of dismissal.

10        The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
11  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
12  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against
13  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d
14  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
15  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
16  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*
17  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

18        Finally, the Court's warning to a party that failure to obey the court's order will result in
19  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
20  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's order to show cause issued on
21  November 18, 2025, expressly warned Plaintiff that the failure to comply with the order may
22  result in the imposition of sanctions, including terminating sanctions.  (Doc. 16.)  Thus, Plaintiff
23  had adequate warning that dismissal could result from noncompliance.

24        Additionally, at this stage in the proceedings there is little available to the Court that
25  would constitute a satisfactory lesser sanction while protecting the Court from further
26  unnecessary expenditure of its scarce resources.  As Plaintiff has not filed an amended complaint
27  and has ceased responding to the Court's orders, monetary sanctions likely would be of little use.
28  Further, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has

ceased litigating this case.

### III. Conclusion and Recommendation

Having considered the relevant factors, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 5, 2025__          /s/ Barbara A. McAuliffe _
                                     UNITED STATES MAGISTRATE JUDGE

4