UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDEFONSO B. LUJANO, an individual and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>GREIF, INC., *et al*,<br><br>           Defendants. | Case No. 1:25-cv-00102-KES-BAM<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(Doc. 17)<br><br>ORDER SETTING SCHEDULING CONFERENCE |

      Plaintiff Hildefonso B. Lujano, individually and on behalf of all others similarly situated, initiated this putative class action against defendants Greif, Inc, Greif Packaging LLC (incorrectly named as Greif Packing LLC), and Liz Corona in the Merced County Superior Court on June 28, 2024. Defendants Greif, Inc. and Greif Packaging LLC removed the action to this Court on January 23, 2025. (Doc. 1.)

      On May 29, 2025, the Court held a status conference to address service of the complaint on defendant Liz Corona and Plaintiff's anticipated motion to remand. (Doc. 12.) At the conference, Plaintiff indicated that leave to amend would be sought to name a different individual defendant, Ricardo Torres. (*Id.*) The Court therefore directed Plaintiff to file any motion to amend the complaint to name Ricardo Torres as a defendant on or before June 30, 2025. (Doc. 12.) In lieu of filing a motion to amend (or stipulation to amend), Plaintiff filed a first amended

1  complaint on June 30, 2025.  (Doc. 13.)

2        On July 2, 2025, the Court struck Plaintiff's first amended complaint because it did not
3  comply with Federal Rule of Civil Procedure 15.  (Doc. 15.)  The Court directed Plaintiff to either
4  file a motion for leave to amend his complaint or file a stipulation with defendants' consent.  (*Id.*)

5        Plaintiff failed to file a motion to amend or a stipulation.  Accordingly, on November 18,
6  2025, the Court issued an order directing Plaintiff, within fourteen days, to show cause in writing
7  why the action should not be dismissed for failure to obey a court order and for failure to
8  prosecute. (Doc. 16.)  The Court informed Plaintiff that he could comply with the show cause
9  order by filing either a motion for leave to amend or a stipulation to amend his complaint.
10 Plaintiff was cautioned that failure to comply with the order could result in the imposition of
11 sanctions, including terminating sanctions.  (*Id.*)

12       Plaintiff failed to respond to the Court's show cause order.  Therefore, on December 5,
13 2025, the Court issued findings and recommendations to dismiss this action without prejudice
14 based on the failure to obey a court order and for Plaintiff's failure to prosecute this action.  (Doc.
15 17.)  The findings and recommendations were served on the parties and contained notice that any
16 objections thereto were to be filed within fourteen (14) days.  (*Id.*)  Plaintiff filed objections on
17 December 19, 2025.  (Doc. 18.)

18       According to the objections, after receiving the Court's clarified instruction in July 2025,
19 Plaintiff determined that a motion to amend and to name Ricardo Torres would likely be futile.
20 Plaintiff did not intuit that it was necessary to inform the Court of the decision to not file an
21 amended complaint.  Plaintiff now understands that this should have been communicated to the
22 Court when decided.  (Doc. 18 at 2.)  Further, Plaintiff regrets the oversight of the Court's show
23 cause order, explaining that family and personal medical complications lead to counsel missing
24 the order.  (*Id.*)  Had counsel processed the Court's show cause order in a timely manner, then
25 Plaintiff would have understood that "a declaration of intention to proceed without amendment or
26 an updated status report should have been filed." (*Id.* at 5.)  Plaintiff's counsel requests that
27 Plaintiff not be penalized for counsel's inadvertent failure to receive the Court's order in a timely
28 manner.  (*Id.* at 6.)

Additionally, Plaintiff points out that there remains an operative complaint in this action, and that defendants have been served and are on notice of the claims against them. (Doc. 18 at 4.) Plaintiff remains committed to seeking redress for those claims and requests the Court schedule a further status conference to set dates for discovery, class certification, and dispositive motions.[1] (*Id.* at 6.)

Having considered Plaintiff's objections, the Court finds a response from defendants unnecessary. The Findings and Recommendations issued on December 19, 2025, are HEREBY VACATED. The Court sets a SCHEDULING CONFERENCE for **February 19, 2026, at 10:00 a.m. in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**. The parties shall file a Joint Scheduling Report at least seven (7) days prior to the conference.

IT IS SO ORDERED.

Dated:   **December 22, 2025**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] According to the objections, Plaintiff was employed by defendants through at least September 29, 2025. (Doc. 18 at 4.) Defendants reportedly obtained a release and waiver of all claims by Plaintiff on September 29, 2025, without notice to Plaintiff's counsel. Plaintiff now intends to oppose any attempt to enforce the purported release and waiver, claiming it is void and unenforceable. (*Id.* at 6.) The Court declines to address either the purported release and waiver or any challenge to such release and waiver at this time.